UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LEONARD HINTON,

                    Plaintiff,

       -against-                                  9:12-CV-1844 (LEK/RFT)

A. PRACK, *et al.*,

                    Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

This *pro se* action under 42 U.S.C. § 1983 comes before the Court following a Report-Recommendation filed on August 14, 2014, by United States Magistrate Judge Randolph F. Treece, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 59 ("Report-Recommendation"). Judge Treece recommends that all of Plaintiff Leonard Hinton's ("Plaintiff") claims be dismissed, except that he be awarded nominal damages for violation of his due process rights by Defendant Uhler. Report-Rec. at 31-32. Plaintiff timely filed Objections. Dkt. Nos. 62 ("Objections"); 63 ("Addendum"). For the following reasons, the Report-Recommendation is adopted in its entirety.

**II.    STANDARD OF REVIEW**

When a party makes a timely objection to a Report-Recommendation, it is the duty of the Court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d

672, 679 (S.D.N.Y. 2007)) (citations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## III. DISCUSSION

### A. First Disciplinary Hearing

Plaintiff argues that the evidence presented at his first disciplinary hearing was not "reliable evidence" sufficient to support the hearing officer's determination that Plaintiff was guilty of the alleged conduct. Objs. at 1. Specifically, Plaintiff argues that the evidence was insufficient because there was no independent credibility assessment of, or written statements by, the confidential informant or alleged victim to corroborate Sergeant Gower's testimony. Id. at 1-2.

Plaintiff already raised this argument in great detail in his Motion for summary judgment, see Dkt. No. 39 at 19-22, and Judge Treece explicitly addressed it in the Report-Recommendation, Report-Rec. at 12-15. Because Plaintiff's argument is "a mere reiteration of an argument made to the magistrate judge," Dove v. Smith, No. 13-CV-1411, 2014 WL 1340061, at *1 (N.D.N.Y. Apr. 3, 2014) (Kahn, J.) the Court reviews Plaintiff's objection only for clear error, see Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011)). The Court finds that Judge Treece committed no clear error in determining that Sergeant Gower's testimony was sufficiently corroborated by his written report and other evidence in the record. See Report-Rec. at 12-15; see also Kotler v. Daby, No. 10-CV-0136, 2013 WL 1294282, at *10 (N.D.N.Y. Mar. 28, 2013) (finding guard's testimony and written report constituted "reliable evidence" under the "some evidence" standard, and that an independent assessment of the witnesses' credibility was not required).

### B. Second Disciplinary Hearing

Plaintiff argues that his due process rights were violated at his second disciplinary hearing because Defendant Haug, who conducted the disciplinary hearing, failed to interview or make available four of Plaintiff's requested witnesses. Objs. at 2. Specifically, Plaintiff asserts that he was prejudiced by his inability to question Captain Scarafile ("Scarafile") and Deputy Superintendent Kinderman ("Kinderman") because they "ascertained the facts of th[e] incident, and would have testified of [sic] those facts." Id. Moreover, corrections officer Ruggerio ("Ruggerio") and inmate Burton ("Burton") both had relevant, first-hand knowledge of the circumstances of the alleged fight. See id.; see also Addendum at 2.

To establish a procedural due process claim in connection with a prison disciplinary hearing, an inmate must show that he was prejudiced by the alleged procedural errors, in the sense that the errors affected the outcome of the hearing. See Powell v. Coughlin, 953 F.2d 744, 750 (2d Cir. 1991). In his Objections, Plaintiff states that "[c]learly there is relevance of every witness that Plaintiff requested to testify on his behalf." Objs. at 2. However, Plaintiff fails to advance any specific arguments as to *how* these witnesses' testimonies would have affected the outcome of his disciplinary hearing.

Indeed, as Judge Treece points out, Kinderman and Scarafile were merely supervisors who were informed of the incident after it had already transpired. Report-Rec. at 19. Thus, they did not have first-hand knowledge of the events, and there is no indication that they would have testified favorably to Plaintiff. See id. Moreover, Ruggerio did not arrive until after the incident occurred, and his misbehavior report was virtually identical to that of Officer Betti, who testified at the hearing. Id. Thus, there is no indication that Ruggerio's testimony would have affected the

3

outcome of the hearing. Finally, although Burton presumably could have offered relevant testimony, as he was the alleged victim of Plaintiff's attack, Plaintiff has not demonstrated how Burton's testimony would have affected the outcome of his hearing. To the contrary, as indicated in Sergeant Betti's Fight Investigation Report, Burton stated that Plaintiff began yelling at him for no reason and Plaintiff then hit him in the head with a frying pan. Report-Rec. at 20. Thus, Plaintiff's arguments that these witnesses' testimonies would have affected the outcome of his hearing are entirely speculative, and do not warrant finding a constitutional violation. See Report-Rec. at 2; see also Grossman v. Bruce, 447 F.3d 801, 805 (10th Cir. 2006) ("[A] prisoner cannot maintain a due process claim for failure to permit witness testimony if he fails to show that the testimony would have affected the outcome of his case.").

**C. Third Disciplinary Hearing**

Plaintiff next argues that he has established an actual injury in connection with his third disciplinary hearing because he was confined in the Special Housing Unit ("SHU") "as a result of the constitutional violations." Objs. at 2. Plaintiff is correct that his constitutional rights were violated by Defendants' failure to timely provide Plaintiff with a copy of the disciplinary hearing determination. See Report-Rec. at 25-26. However, the copy of the hearing determination was merely the means by which to inform Plaintiff of the penalty to be imposed. Thus, Defendants' failure to provide Plaintiff with a copy of the hearing decision did not affect the actual determination, because the determination had already been made. In other words, Defendants' failure to provide Plaintiff with the hearing decision did not *cause* him to be confined in SHU—the penalty had already been imposed and was entirely independent of the failure to serve Plaintiff with a written confirmation of the penalty. See McCann v. Coughlin, 698 F.2d 112, 126 (2d Cir. 1983)

4

(noting that failure to provide a copy of a hearing determination occurs after the decision has been rendered). Therefore, Plaintiff has failed to show actual injury in relation to his third disciplinary hearing.

### D. Qualified Immunity

Plaintiff's final objection is that Defendants are not entitled to qualified immunity. Objs. at 3. However, Judge Treece did not find that any Defendants were entitled to qualified immunity. Therefore, Plaintiff's argument is irrelevant.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 59) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiffs' Motion (Dkt. No. 39) for summary judgment is **GRANTED in part and DENIED in part** consistent with the Report-Recommendation (Dkt. No. 59); and it is further

**ORDERED**, that Defendant's Cross-Motion (Dkt. No. 42) for summary judgment is **GRANTED in part and DENIED in part** consistent with the Report-Recommendation (Dkt. No. 59); and it is further

**ORDERED**, that Plaintiff be awarded nominal damages in the amount of one dollar ($1.00); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 10, 2014
Albany, NY

Lawrence E. Kahn
U.S. District Judge